IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO.: 1:24-cr-0004-GHD-DAS

ANDREW MURPHY  DEFENDANT

MEMORANDUM OPINION

Presently before the court is the Defendant's Motion to Suppress Evidence [20]. The Defendant seeks to have the Court suppress the introduction of evidence that was seized from the Defendant's home on March 17, 2023, pursuant to a search warrant.[1] The Court conducted a hearing relative to the Defendant's motion on August 12, 2024. Upon due consideration and for the reasons set forth herein, the Court rules that the Defendant's motion will be denied and the subject evidence will not be suppressed.

*Standard of Review*

Generally, on a motion to suppress, the defendant has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his constitutional rights. *United States* v. *Guerrero-Barajas,* 240 F.3d 428, 432 (5th Cir. 2001).

The general rule under the Fourth Amendment is that searches of private property are reasonable if conducted pursuant to a valid warrant issued upon probable cause. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L. Ed. 2d 576 (1967). "A defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005) (citing

---

[1] The Defendant was subsequently indicted on January 25, 2024, in a one-count Indictment for knowingly possessing images and videos of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256(2)(A). *See* Doc. No. 1.

*Guerrero–Barajas*, 240 F.3d at 432). Accordingly, because the search in the case *sub judice* was conducted pursuant to a search warrant, the Defendant bears the burden of proving by a preponderance of the evidence that the search of his home was unconstitutional. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002).

Courts employ a two-step process to evaluate a defendant's motion to suppress evidence when a search warrant is involved. First, the court must determine whether the *Leon* good faith exception to the exclusionary rule applies. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (citing *United States v. Leon*, 468 U.S. 897 (1984)). Second, if the good faith exception does not apply, the court determines whether the warrant was supported by probable cause. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). If the good faith exception does apply, the Court "need not reach the question of probable cause." *Id*. (citing *Cherna*, 184 F.3d at 407).

The *Leon* good faith exception provides that evidence is admissible when it is obtained by law enforcement officials acting in objectively reasonable good faith reliance upon a search warrant, even if the affidavit on which the warrant was based was insufficient to establish probable cause. *Leon*, 468 U.S. at 922–23; *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). Due to the "strong preference for warrants," the issuance of a warrant by a magistrate "normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *Leon*, 468 U.S. at 914, 922; *Craig*, 861 F.2d at 822.

The good faith exception does not apply, however, when, among other reasons: (1) the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, or (2) an officer relied on a warrant based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. *United States v. Rojas-Alvarez*, 451 F.3d 320, 330 (5th Cir. 2006).

2

"[C]redibility determinations and the resolution of conflicting testimony at a suppression hearing are the responsibility of the district court as trier of fact." *United States v. Turner,* 628 F.2d 461, 465 (5th Cir. 1980). "In an evidentiary hearing, the Court sits as a finder of fact and must resolve all disputed issues." *United States v. Lopez,* 817 F. Supp. 2d 918, 919 fn.2 (S.D. Miss. 2011) (citing *United States v. Willis,* 525 F.2d 657, 659 (5th Cir. 1976)). In conducting a suppression hearing, the court is not bound by the Federal Rules of Evidence. Fed. R. Evid. 104(a); see *United States v. Posado*, 57 F.3d 428, 435 (5th Cir. 1995) ("We have consistently held that the rules of evidence are relaxed in pretrial suppression hearings.").

*Factual Background*

On March 16, 2023, Investigator Brian Taylor ("Taylor"), who is an Investigator with the Mississippi Attorney General's Office and who was working as an FBI Task Force Officer assigned to the Child Exploitation Human Trafficking Task Force, applied for a residential search warrant seeking evidence relating to possession of child pornography. *See* Doc. No. 26-1. In his sworn statement ("affidavit") in support of his request, Taylor stated in part:

> In January 2019, affiant began an undercover operation to identify persons using the BitTorrent P2P network on the Internet to receive, traffic in, share and/or distribute images and videos depicting child pornography. . . . Through the use of specialized law enforcement software, affiant was able to determine that a host computer using IP address 198.71.95.91 had previously been associated with certain Files of Interest (FOI) by investigators conducting keyword searches or info hash value searches for files related to known child pornography images and videos.
>
> On December 29, 2022, a law enforcement computer used and controlled by affiant made a successful connection to a host computer at IP address 198.71.95.91 using an undercover computer through the Internet. . . . On December 29, 2022, between 1117 hours and 1206 hours, this law enforcement computer successfully downloaded 121 files . . . Subsequently, I reviewed the image portions that were downloaded from the host computer connected to the Internet through IP address 198.71.95.91 on December 29, 2022. Based on my training and experience, I believe that the image and video

3

>  files depict at least one minor engaged in sexually explicit conduct, and therefore constitute child pornography.

Doc. No. 26-1, at p. 24.

After providing a detailed explanation of the content of the subject files, the affidavit states that Taylor then sent a grand jury subpoena to the subject internet user's internet provider in order to obtain subscriber information regarding the identified IP Address. Doc. No. 26-1, at p. 26. The internet provider replied that the address for the identified internet subscriber was 387B County Road 3101, Booneville, Mississippi 38829. Taylor then requested that a search warrant issue for a search of that residence and any vehicle(s) located on the premises for evidence of the possession of images of child pornography. Doc. No. 26-1, at pp. 5, 26.

The issuing judge found that there was probable cause to believe that electronic devices at that residence may contain evidence related to the crime of possession of child pornography, and he signed the warrant on March 16, 2023.[2] Doc. No. 26-1, at p. 11. A search of the subject residence was then conducted on March 17, 2023. Two cellular telephones belonging to the Defendant were seized. Doc. No. 26-1, at p. 12. The cell phones contained 232 files identified as images of child pornography. The Defendant was subsequently indicted on January 25, 2024, for possession of child pornography. Doc. No. 1.

*Analysis*

Good Faith Exception

The Defendant argues that the *Leon* good faith exception does not apply because the affidavit Taylor submitted in support of the warrant "contains a false statement that was made intentionally or with reckless disregard for its truth." *Cavazos*, 288 F.3d at 709-10.

---

[2] The issuing judge was Circuit Court Judge John R. White, who is a highly experienced and long-tenured state trial court judge. In Mississippi, Circuit Courts are courts of general criminal jurisdiction. *See* Miss. Code Ann. § 9-7-81.

In support of his argument, the Defendant first asserts that Taylor made three false statements in the affidavit that misled the issuing judge and that render the search warrant and ensuing search invalid: (1) that Taylor failed to mention that the three images that he described in his affidavit were labeled with copyright markings which would give the impression that the images were lawful and did not constitute child pornography; (2) that Taylor misstated that one of the photos contained in his affidavit (of the Defendant's residence) was retrieved from the Internet (Google Street View) when the photo was actually taken by Taylor himself; and (3) that Taylor on one instance in his affidavit (on the page containing a photo of the residence) stated an incorrect address: 387B County Road 3131 in Booneville, rather than the actual address, which is 387B County Road 3101 in Booneville.

The Court finds that the Defendant's assertions related to these three statements are without merit.

First, the Defendant avers that the issuing judge was misled by the affidavit because the three representative images (which were three out of 121 images that Taylor downloaded using law enforcement software) included in the affidavit contained copyright markings and thus gave the appearance that the images were lawful despite Taylor's indicating in the affidavit that the images constituted child pornography. The Defendant argues that the judge was misled because while the copyright markings were annotated on each image and Taylor stated in the affidavit the fact that the images contained copyright markings in his descriptions of the images, the copyright markings indicate that the images do not constitute child pornography. The Defendant further argues that because the issuing judge did not actually view the images but instead relied upon the information contained in the affidavit, he was misled by information contained in the affidavit that Taylor knew was false or would have known was false except for a reckless

5

disregard for the truth, or that Taylor relied on a warrant based on an affidavit that was so lacking in indicia of probable cause as to render belief in the existence of probable cause entirely unreasonable. *United States v. Rojas-Alvarez*, 451 F.3d 320, 330 (5th Cir. 2006).

The Court finds, first, that this argument goes more toward a defense against possession of child pornographic materials with respect to the three subject images than it does toward an argument that the issuing judge was misled by the affidavit or toward a probable cause determination. Taylor *clearly* delineated in the affidavit the fact that the representative images contained copyright markings. Doc. 26-1 at pp. 25-26. In any event, as will be more clearly explained below, the Fifth Circuit has held that an affidavit supporting a search warrant for child pornography is sufficient when the representative images depict "child erotica" rather than child pornography, and the Court finds that Taylor's detailed description of the three subject representative images in the affidavit, along with his description of child erotica in the affidavit and the fact that collectors of child pornography often also collect child erotica, was sufficient and lead the Court to conclude that the affidavit therefore did not contain a false statement that was made intentionally or with reckless disregard for its truth. *United States v. Flanders*, 486 F.3d 269, 271 (5th Cir. 2006); *Froman*, 355 F.3d at 890-91 (5th Cir. 2004). Accordingly, because the affidavit was not misleading in this respect, and the description of the images very clearly annotated the subject copyright markings and thus did not contain a false statement that was made intentionally or with reckless disregard for its truth in this respect, the Court finds that this argument is without merit.

The Defendant next asserts that the issuing judge was misled because Taylor actually entered the Defendant's property prior to filing the application for the search warrant and took

6

a photo of the Defendant's residence (Doc. 26-1 at p. 27) but averred in the affidavit that the photo was taken from a Google Street View image.

The Court finds that because the affidavit and the photo accurately depict the Defendant's residence, and the Defendant does not argue otherwise, the issuing judge was not misled by the incorrect statement that the photo came from a public Google Street View image rather than from Taylor himself photographing the residence. The Defendant does not dispute that the photo accurately depicts his residence, which was the place to be searched, and does not argue how the issuing judge was misled by this error in the affidavit. In addition, Taylor's entry onto the Defendant's property, which did not extend beyond Taylor driving down the Defendant's driveway, stopping to take a photograph of the residence while remaining in his vehicle the entire time, and then turning around to exit the driveway, all within a two minute period of time, is at most a "technical trespass" that did not invade the curtilage of the Defendant's home and thus did not in and of itself constitute an unlawful search under the Fourth Amendment. *United States v. Moffitt*, 233 Fed.Appx. 409, 411-412 (5th Cir. 2007) (holding that driveway and yard in front of house are not protected curtilage of home); *Oliver v. United States*, 466 U.S. 170, 180 (1984). Accordingly, the Court finds that this error did not render the affidavit misleading with information that Taylor knew was false or would have known was false except for his reckless disregard of the truth.

Lastly, the Defendant argues that a scrivener's error in the affidavit, which stated on one instance (on the page containing a photo of the residence) an incorrect address: 387B County Road 3131 in Booneville, rather than the actual address, which is 387B County Road 3101 in Booneville. The Court notes that this is the single example of this error in the affidavit – at all three of the other places in the affidavit where the address appears and in the Search Warrant itself, the address is

7

correct, including, most importantly, in the "Place to be Searched" section on the first page of the affidavit. Doc. No. 26-1, at pp. 1, 6, 23, 26.

The Fifth Circuit has held that a search warrant must describe the premises to be searched with sufficient particularity, but the description need not be technically accurate in every detail; the description must be sufficient to enable the executing officer to find and identify the premises with reasonable effort, and whether there is a reasonable probability that another premises might be mistakenly searched which is not the one intended to be searched under the warrant. *United States v. Darensbourg*, 520 F.2d 985, 987 (5th Cir. 1975). The Court finds, in this instance, that the single error in the affidavit of this nature, out of five instances in the affidavit and warrant where the address appears, is a technical error that does not evince bad faith on Taylor's part. *United States* v. *Davis*, 226 F.3d 346, 351 (5th Cir. 2000); *United States v. Benavides*, 854 F.2d 701, 701-02 (5th Cir. 1988). The Defendant has not shown that Taylor misled the issuing judge as to the correct address to be searched, and there is no evidence that this error rendered the affidavit misleading with information that Taylor knew was false or would have known was false except for his reckless disregard of the truth.

For all of the above reasons, the court finds that the Defendant's arguments regarding the sufficiency of the affidavit are without merit and the good faith exception applies. Accordingly, the Court denies the Defendant's motion to suppress the subject evidence.

Probable Cause

While the Court has found that the *Leon* good faith exception applies to the facts of this case, and that an analysis of probable cause is therefore not required, the Court in any event finds that Taylor's affidavit does establish the existence of probable cause.

As a general matter, "[p]robable cause exists when there are reasonably trustworthy facts

8

which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006). A magistrate's determination of probable cause "should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (citing *Spinelli v. United States*, 393 U.S. 410, 419 (1969)).

With respect to warrants involving searches for child pornography materials, the Fifth Circuit has stated, "[a]n affidavit supporting a search warrant for child pornography does not need to show specific, individualized evidence of possession of child pornography." *United States v. Kleinkauf*, 487 Fed.Appx. 836, 838 (5th Cir. 2012). Rather, a court considering whether probable cause exists "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. (citing *Froman*, 355 F.3d at 890-91)). In addition, even if the obtained images contain child erotica, rather than child pornography, the presence of child erotica is nevertheless a factor that courts consider in finding a substantial basis for probable cause to suspect that a child pornography offense has been committed. *Flanders*, 46 F.3d at 271 (citing *United States v. Rochelle*, 205 Fed.Appx. 296, 297 (5th Cir. 2006)).

In *Rochelle*, the Fifth Circuit considered the argument that the Defendant makes in the case *sub judice*, and rejected it. The *Rochelle* defendant argued that the images described in the subject affidavit were "mere erotica and, as such, did not suggest a fair probability that he was also in possession of child pornography." *Rochelle*, 205 Fed.Appx. at 297. The Fifth Circuit, in affirming the district court's denial of the defendant's suppression motion, rejected the defendant's argument and held that it "does not convince us that the lack of probable cause was so obvious as to render official belief in its existence entirely unreasonable." *Id*.; see also *United States v. Gove*, 452

9

Fed.Appx. 555 (5th Cir. 2011). Child erotica, which includes nude pictures of minors, is a factor that courts may consider in finding a substantial basis for probable cause to suspect a child pornography offense has been committed. *Rochelle*, 205 Fed.Appx. at 297; *United States v. Sustaita*, No. H-17-0065, 2017 WL 4685160, at p. 5 (S.D. Tex. Oct. 17, 2017).

Here, Taylor's affidavit outlined his investigatory steps in detail, fully described the nature of the 121 downloaded files, and included detailed summaries of three specific files [Doc. 26-1]. The Defendant does not dispute that the three subject images constitute child erotica; the Court also reviewed the images and finds that the images are in fact images of child erotica. Doc. 31, Exhs. G-2, G-3, G-4. Taylor then outlined in the affidavit that individuals who collect child pornography also often collect child erotica. Doc. 26-1, at p. 19. The issuing judge found that probable cause existed based upon the totality of the circumstances and found that it was reasonable to believe that evidence of child pornography would be found at the Defendant's residence. Doc. 26-1, at p. 10. This Court agrees.

Given the totality of circumstances, the Court finds that there was more than a sufficient basis to find probable cause for the search. Probable cause involves a flexible, common-sense standard that ultimately is concerned with determining under the totality of circumstances whether a person of reasonable prudence would believe evidence, contraband, or the instruments of a crime will be found. *Ornelas v. United States*, 517 U.S. 690, 696 (1996); *Kohler*, 470 F.3d at 1109. The affidavit that Taylor submitted to the issuing judge meets this standard and established probable cause, as explained above. Accordingly, the Court finds that, based on Taylor's affidavit, there was probable cause to believe that child pornography materials would be found at the Defendant's residence.

*Conclusion*

As outlined herein, the Court denies the Defendant's motion to suppress the subject evidence. The Defendant failed to meet his burden to show by a preponderance of the evidence that the *Leon* good faith exception does not apply with respect to the subject search warrant. In addition, the Court finds that the Defendant has failed to show that the warrant and affidavit lacked probable cause. Accordingly, the Defendant's Motion to Suppress is denied.

An order in accordance with this opinion shall issue this

day. THIS, the 15th day of August, 2024.

_____
SENIOR U.S. DISTRICT JUDGE