IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO.: 1:24-cr-0004-GHD-DAS

ANDREW MURPHY  DEFENDANT

## MEMORANDUM OPINION

Presently before the court is the Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the alternative, Motion for New Trial [72]. Upon due consideration and for the reasons set forth herein, the Court rules that the Defendant's motion shall be denied.

*Factual Background*

The Defendant was indicted by a federal grand jury on January 25, 2024, in a one-count Indictment for knowingly possessing images and videos of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256(2)(A) [1].

Trial began on April 21, 2025 [62]. After hearing testimony from six witnesses, including expert witnesses for both the Government and the Defendant and testimony from the Defendant himself, and viewing nearly two dozen exhibits, the jury unanimously found the Defendant guilty. [67]. The Defendant moved verbally for judgment of acquittal under Federal Rule of Criminal Procedure 29 after the Government's case-in-chief. The Court denied the motion. The Defendant now moves for a judgment of acquittal or, in the alternative, for a new trial under Federal Rules of Criminal Procedure 29(c) and 33(a) [72].

*Standard of Review*

On a motion for judgment of acquittal, a court "consider[s] whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This standard is highly deferential to the jury and "asks whether a reasonable jury could conclude that the relevant evidence ... established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt ...." *Id.* Rather, "[a] jury is free to choose among reasonable constructions of the evidence ... [a]nd it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (citations omitted). "In effect, the court assumes the truth of the evidence offered by the prosecution." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997).

"[A] motion for new trial is reviewed under a more lenient standard than a motion for judgment of acquittal." *Id.* "The trial judge may weigh the evidence and may assess the credibility of the witnesses...." *Id.* Though the decision "is within the sound discretion of the trial court[,] ... [t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* at 1118. To grant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.*

*Analysis*

The Defendant makes three arguments in support of his motion: (1) the Government failed to prove that the Defendant knowingly possessed child pornography; (2) the Rule 404(b) evidence

2

that was admitted at trial was inadmissible and unfairly prejudicial to the Defendant; and (3) the Government failed to prove that the subject images met the legal definition of child pornography. The Court considers each argument in turn.

### Knowing Possession

The Defendant first argues that the Government failed to prove at trial that he knowingly possessed child pornography.

18 U.S.C. § 2252(a)(4)(B) outlaws knowingly possessing material that depicts a minor engaging in sexually explicit conduct, including images on a computer. 18 U.S.C. § 2252(a)(4)(B). The Fifth Circuit has made clear that, in child pornography cases, possession may be actual or constructive. *United States v. Calhoun*, 691 F. App'x 230, 231 (5th Cir. 2017); *United States v. Moreland*, 665 F.3d 137, 149-150 (5th Cir. 2011). In relation to computer files or images, the Fifth Circuit has held that the voluntary downloading of such files or images establishes actual possession of the files or images, and that actual or constructive possession can be proven by direct or circumstantial evidence. *United States v. Smith*, 739 F.3d 843, 846 (5th Cir. 2014); *United States v. Bliss*, 491 F. App'x 491, 492 (5th Cir. 2012) (allowing jury use of circumstantial evidence to find that defendant downloaded files).

In the case *sub judice*, the Court finds that the Government presented sufficient evidence for the jury to find that the Defendant knowingly possessed the subject images and files. The Government presented undisputed testimony that the Defendant was the sole user of the subject cellphone to which the images were downloaded, and that several search terms input into the phone were terms that investigators commonly encounter in child pornography investigations. In addition, the Government presented evidence that images of child

3

pornography were located in the "downloads" folder of the cellphone, and that the user of the cellphone must exert control over an image before the image is saved in the downloads folder. The Defendant's expert concurred and testified that images found in the downloads folder of a cellphone are downloaded by the user and are accessible by the user of the phone.

Further, at the conclusion of the trial of this case, the Court instructed the jury with the Fifth Circuit Pattern Jury Instruction for child pornography cases, which instructed the jury that before it could find the Defendant guilty, the jury must find beyond a reasonable doubt that, *inter alia*, "the Defendant knowingly possessed one or more images that contained any visual depiction of a minor engaging in sexually explicit conduct, as alleged in the indictment." *See* Fifth Cir. Pattern Jury Instr. 2.85B; Court's Jury Instructions – Given [63]. The Court further instructed the jury with the Fifth Circuit Pattern Jury Instruction that defines "possession." *See* Fifth Cir. Pattern Jury Instr. 1.33; Court's Jury Instructions – Given [63]. This instruction clarifies that actual possession requires direct physical control over an item, while constructive possession requires both the power and intention, at a given time, to exercise dominion or control over the item. *Id.* The Court finds that the jury was properly instructed regarding the requirement for possession to be proven as well as the contours and requirements for a showing of knowing possession. Upon being so instructed, the jury found the Defendant guilty.

In sum, the Court finds that the Government introduced sufficient evidence for a rational trier of fact to conclude that the Defendant knowingly possessed the subject images, and that the jury was properly instructed as to the proper legal standard to apply in deciding whether the Defendant knowingly possessed those images. Accordingly, the Court finds that

the Defendant's argument regarding whether the Defendant knowingly possessed child pornography is without merit.

## Rule 404(b) Evidence

The Government sought to introduce several items of evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. Those items included: child erotica and nude images of children that were discovered during the Government's investigation; evidence regarding a box of sex toys found in the Defendant's home pursuant to a search authorized by a warrant; several internet "memes" that referenced child sex acts; records of internet searches using terms associated with child pornography; and a Word document by an unknown author containing child erotica. [47]. After a hearing, the Court ruled that the subject evidence, minus one of the memes and the Word document, was admissible at trial pursuant to Rule 404(b).

The Defendant argues that the admission of this evidence was unfairly prejudicial. The Court disagrees. The Court specifically found that the admitted evidence was admissible pursuant to Rule 404(b) and that the jury could consider the evidence in determining whether the Defendant had the state of mind or intent necessary to possess child pornography, and whether the Defendant possessed child pornography by mistake or accident. The Court also gave the jury a limiting instruction regarding the evidence, Fifth Circuit Pattern Jury Instruction 1.32, which specifically cautions the jury as to the limited purposes for which the evidence could be considered. *See* Fifth Cir. Pattern Jury Instr. 1.32; Court's Jury Instructions – Given [63]. See, e.g., *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015); *United States v. Cockrell*, 587 F.3d 674, 680 (5th Cir. 2009) (when court gives limiting instruction, potential prejudicial effect of Rule 404(b) is counteracted); *United States v. McCall*, 553 F.3d 821, 829 (5th Cir. 2008).

In sum, the Court has reviewed the subject Rule 404(b) evidence and finds that it was properly admitted and an appropriate limiting instruction was read to the jury regarding the evidence, counteracting any potential prejudicial effect. The Court finds that the Defendant's argument to the contrary is without merit.

### The Subject Images

Finally, the Defendant argues that the Government failed to prove that the images introduced into evidence at trial met the legal definition of child pornography.

At trial, the Court instructed the jury with the Fifth Circuit Pattern Jury Instruction for child pornography cases, which instructed the jury that before it could find the Defendant guilty, the jury must find beyond a reasonable doubt that, *inter alia*, "the Defendant knowingly possessed one or more images that contained any visual depiction of a minor engaging in sexually explicit conduct, as alleged in the indictment." *See* Fifth Cir. Pattern Jury Instr. 2.85B; Court's Jury Instructions – Given [63]. The Court further specifically instructed the jury as to the *United States v. Dost* factors regarding whether a given image contains sexually explicit conduct and thus qualifies as child pornography. *Id.*; *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), aff'd 813 F.2d 1231 (9th Cir. 1987). Further, it is axiomatic that the jury in a child pornography case can decide if images constitute child pornography without having first heard expert testimony as to whether the images are of real children or computer-generated virtual children. *United States v. McNealy*, 625 F.3d 858, 866 (5th Cir. 2010); *United States v. Slanina*, 359 F.3d 356, 357 (5th Cir. 2004) (holding that juries are capable of distinguishing between real and virtual images and that neither expert testimony nor evidence of victim identity is required). The jury was shown the images during the trial, was instructed by the Court as noted above, and

6

convicted the Defendant of possessing child pornography. The Court therefore finds that the Defendant's assertion of error regarding proof that the images constituted child pornography is without merit.

The Defendant further argues that his computer forensic expert, during a trial recess, was able to locate copies of one or two of the subject charged images on "legal pornographic websites," implying that the images thus cannot constitute child pornography. The subject website where she located the images, however, was based outside of the United States and contained a disclaimer that it may not comply with United States law regarding its content. This fact, combined with the fact that there was no evidence that the Defendant ever visited that website and with the fact that the jury, as outlined above, was properly instructed as to the *Dost* factors, leads the Court finds that this evidence was properly deemed inadmissible at trial.

Upon review, the Court finds that the jury was properly instructed as to the requirement for the subject images to contain depictions of one or more minors engaging in sexually explicit conduct in order to constitute child pornography. The jury viewed the subject images during the trial and concluded that the Defendant was guilty of possession of child pornography. The Court shall not disturb the jury's verdict. The Defendant's arguments to the contrary are unavailing and without merit.

*Conclusion*

For the foregoing reasons, the Court finds that the Defendant's motion for judgment of acquittal notwithstanding the verdict or, in the alternative, for new trial should be denied. The Defendant has failed to demonstrate that the evidence admitted at trial was insufficient to sustain a conviction or that the evidence preponderates heavily against the verdict, such that it would

be a miscarriage of justice to let the verdict stand. Accordingly, the Defendant's motion shall be denied.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of June, 2025.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE