IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO.: 1:24-cr-0004-GHD-DAS

ANDREW MURPHY  DEFENDANT

## MEMORANDUM OPINION

Presently before the court is the Defendant's Motion for New Trial [99]. Upon due consideration and for the reasons set forth herein, the Court rules that the Defendant's motion shall be denied.

### *Factual Background*

The Defendant was indicted by a federal grand jury on January 25, 2024, in a one-count Indictment for knowingly possessing images containing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256(2)(A) [1]. Trial began on April 21, 2025 [62]. After hearing testimony from six witnesses, including expert witnesses for both the Government and the Defendant and testimony from the Defendant himself, and viewing nearly two dozen exhibits, the jury unanimously found the Defendant guilty. [67]. The Defendant then, on May 7, 2025, filed a motion for judgment of acquittal notwithstanding the verdict, or, in the alternative, for new trial [72]. The Court denied that motion on June 9, 2025 [75, 76]. The Defendant was sentenced to 87 months of imprisonment on September 26, 2025 [102]. The Defendant now moves for the second time for a new trial under Federal Rules of Criminal Procedure 33, based on newly discovered evidence [99].

### *Standard of Review*

Rule 33 of the Federal Rules of Criminal Procedure provides, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so

requires." Fed. R. Crim. P. 33(b). "In th[e Fifth] Circuit, the generally accepted standard is that a new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of the evidence preponderates against the verdict.' " *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). " 'A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant.' " *Id.* (quoting *Wall*, 389 F.3d at 366).

A defendant can move for a new trial on the basis of newly discovered evidence. Fed. R. Crim. P. 33. The Fifth Circuit applies the "*Berry* Rule" to motions for new trial based on newly discovered evidence; under the *Berry* Rule, a defendant must demonstrate: "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to the defendant's lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal." *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011) (citing *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004). Such motions are disfavored, reviewed with great caution, and are subjected to "an usually stringent substantive test." *United States v. Turner*, 674 F.3d 420, 429 (5th Cir. 2012); *United States v. Holmes*, 406 F.3d 337, 359 (5th Cir. 2005). The motion must be denied if the defendant fails to demonstrate any one factor of the five-factor *Berry* test. *Piazza*, 647 F.3d at 565.

*Analysis*

The Defendant makes a single argument in support of his motion: that after the Defendant was convicted, but prior to his sentencing, defense counsel discovered that one of the images forming the basis for Count One of the Indictment depicts adults and thus does not constitute child

2

pornography. The Defendant contends that this constitutes newly discovered evidence and that he is entitled to a new trial as a result.

The Defendant's motion fails on more than one of the *Berry* factors. As to the first factor, while the parties argue over whether the evidence was actually newly discovered after the time of trial, the Court finds that the evidence the Defendant seeks to rely upon—verified passports and an attorney's certification that the named adults appeared in the subject image—was unknown to the Defendant at the time of trial.

The Defendant's argument falls short, however, on the second *Berry* factor, which requires the Defendant demonstrate that the failure to obtain the evidence before trial was not due to a lack of diligence on the Defendant's part. During the trial of this case, the defense communicated to the Court the defense's belief that the subject image contained adults and not children [Trial Transcript, at pp. 208-211] and sought to offer into evidence testimony that the subject image could be found on an internet website [*Id.*]. This in-trial "discovery" regarding the subject image came over two months after both the Defendant and his forensic expert had the opportunity to review and discuss all of the images the Government contended were possessed by the Defendant that constituted child pornography. At that time, however, the defense did not seek the evidence it now claims is newly discovered, despite the evidence's undisputed availability at that time; this failure to seek the evidence before trial cannot be attributed to anyone other than the defense itself.

Given these facts, in conjunction with the Defendant's testimony at trial as to his belief that the subject image contained adults and not children [Trial Transcript, at p. 256], the Court finds the Defendant's failure to obtain the now-presented passports and attorney's certification is solely the result of the defense's lack of diligence in obtaining the evidence. In other words, because the Defendant was aware, prior to trial, of the possibility that the subject image contained adults, the

3

Court finds the failure to detect the now-presented evidence before trial was solely due to a lack of diligence on the Defendant's part. The Defendant possessed the same ability pre-trial to obtain this evidence as he possessed after the trial. Accordingly, the Court finds the failure of the Defendant to initially discover this evidence before trial was due to his own lack of diligence. The Defendant therefore has not established the existence of the second *Berry* factor. This finding alone is fatal to the Defendant's motion.

Moreover, the fifth *Berry* factor—that the evidence if introduced at a new trial would probably produce an acquittal—weighs against the Defendant as well. The Defendant was not charged with possessing this single image. He was charged with possession of child pornography, and the Government introduced numerous images of child pornography at trial that it contended the Defendant possessed. The jury agreed, finding both that the introduced images constituted child pornography and that the Defendant possessed the images.

Accordingly, the Court finds that the Defendant's motion should be denied. The Defendant is required to establish each of the five *Berry* factors in order to justify the granting of a new trial on the basis of newly discovered evidence. Here, the Court finds that the Defendant cannot establish at least two of the five factors. The Defendant, therefore, has not established that the Court should order a new trial in this matter.

In addition, the Court finds that the Government presented sufficient evidence for the jury to find that the Defendant knowingly possessed images containing child pornography. The Government presented testimony that the Defendant was the sole user of the subject cellphone to which images containing child pornography were downloaded, and that several search terms input into the phone were terms that investigators commonly encounter in child pornography investigations. Further, the Government presented evidence that images of child

pornography were located in the "downloads" folder of the cellphone, and that the user of the cellphone must exert control over an image before the image is saved in the downloads folder. Further, at the conclusion of the trial of this case, the Court instructed the jury with the Fifth Circuit Pattern Jury Instruction for child pornography cases, which instructed the jury that before it could find the Defendant guilty, the jury must find beyond a reasonable doubt that, *inter alia*, "the Defendant knowingly possessed one or more images that contained any visual depiction of a minor engaging in sexually explicit conduct, as alleged in the indictment." *See* Fifth Cir. Pattern Jury Instr. 2.85B; Court's Jury Instructions – Given [63]. Upon being so instructed, and after viewing several images, the jury found the Defendant guilty.

*Conclusion*

For the foregoing reasons, the Court finds that the Defendant's motion for new trial should be denied. The Defendant has failed to demonstrate the presence of the required *Berry* factors in order to justify a new trial on the basis of newly discovered evidence or that the evidence admitted at trial was insufficient to sustain a conviction. Accordingly, the Defendant's motion shall be denied.

An order in accordance with this opinion shall issue this day.
THIS, the 27th day of October, 2025.

_____
SENIOR U.S. DISTRICT JUDGE